### In re G. B. RAYMOND & CO., Inc.
### No. 30083.

District Court, E. D. New York.

Oct. 8, 1936.

L. T. Fetzer, of New York City (Louis Winer, of New York City, of counsel), for bankrupt.

Henry J. Latham, of Jamaica, L. I., for Kaul Klay Mfg. Co., a creditor.

James W. Scott, of New York City, for Walter G. Hoof, a creditor.

Nathan S. Briskman, of New York City, for petitioning creditors and certain other creditors.

Louis J. Castellano, of Brooklyn, N. Y., for receiver.

BYERS, District Judge.

Hearing on motion for an order to confirm a composition and to reject report of referee sustaining one specification of objection to composition offer.

The referee has filed a report dated September 21, 1936, in which he finds that specifications of objection Nos. 1 and 3 are not supported by testimony, but that specification No. 2 has been sustained. If his report is to be confirmed, the composition will fail.

The objecting creditor offers no argument in behalf of specifications Nos. 1 and 3, and the testimony is confined to specification No. 2, which is that the bankrupt issued a false and fraudulent statement of its financial condition on or about July 22, 1935, knowing the statement to be false, and

that the objecting creditor would rely upon the same and extend credit to the bankrupt, and that credit was in fact so extended in reliance upon said statement.

The referee reports the statement to have been false, and that the liabilities of the bankrupt exceeded assets by $45,339.82.

The paper in question is Creditor's Exhibit 1, purporting to show the bankrupt's financial status on July 22, 1935, and shows a total of assets of $163,763.22, as against which the following liabilities are listed:

| | |
|---|---|
| Accounts payable | $ 3,277.60 |
| Notes payable (commercial) | None |
| Notes payable (mortgage A.C.C.) | 58,500.00 |
| Profit and loss account | 101,985.62 |

Total ..............$163,763.22

The referee revises the foregoing by the following deductions from the assets side:

| | |
|---|---|
| Trucks | $ 2,500.00 |
| Accounts receivable | 3,228.60 |
| Merchandise inventory | 15,116.22 |
| Good-will | 7,995.00 |

Total .............$28,839.82

and by increasing the liabilities by two items:

| | |
|---|---|
| Notes payable | $10,500.00 |
| Advancement | 6,500.00 |

Total .............$17,000.00

The referee does not change the profit and loss item when he increases liabilities by the said $17,000.00 and, having made these changes, he concludes that, when the statement was made and issued, the liabilities exceeded the assets by $45,339.82.

If the two items amounting to $17,000.00, made up as above stated, were to be stated as identified liabilities, the item of "profit and loss" would be reduced to $84,985.62, and the total of liabilities would be either $163,263.22 or $163,763.22, depending upon whether the mortgage were to be listed at $58,000.00 or at $58,500.00. This would reduce the excess of liabilities over assets to something over $28,000.00.

Before considering these figures in detail, it should be stated that Creditor's Exhibit 1 is asserted by the bankrupt to be a tentative balance sheet and not a financial statement. It is thought that this is a distinction without a difference, because the testimony is clearly to the effect that the creditor was seeking information concerning the financial resources of the bankrupt, in order to decide whether to continue to extend credit, and no authority is cited for the proposition that a balance sheet may be false, while a financial statement should not be. Section 14, paragraph b, subdivision (3), of the Bankruptcy Act, as amended (11 U.S.C.A. § 32(b) (3), reads: "or (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition."

The circumstances under which the paper was issued are briefly these:

The bankrupt corporation had been acquired by two persons by the name of Davy and Stocker on or about July 1, 1935, pursuant to an arrangement the details of which are somewhat obscure as stated in the testimony. It appears generally that the real estate listed as an asset at $85,000.00 was not owned by the corporation at the time that the statement was issued. It had been contracted for at the price of $65,000.00, and the listing at the value of $85,000.00 is not satisfactorily explained. Probably for present purposes the claim of ownership of the real estate by the corporation was plausible, but the increase in value of $20,000.00 over the purchase price has not been demonstrated.

Seemingly Davy had bought from the corporation its tangible assets other than real estate, consisting of equipment, merchandise, etc., and had given his promissory note for $10,500.00, and he then sold this back to the corporation, which assumed the payment of his note, thus giving rise to the asserted liability in that sum which had been omitted from the statement in question. Davy also paid $6,500.00 for the equity in the real estate, and that amount the corporation undertook to repay to him upon his agreement to transfer his contract to purchase the real estate. Thus, the two items which total $17,000.00 and which the referee says should have been listed as liabilities.

There is testimony that this $10,500.00 was actually paid out of the funds of the corporation to the holder of the note, Mr. Raymond, who had formerly conducted the bankrupt and was its principal, if not only,

stockholder. That is consistent with a recognition by the corporation of that item as a corporate liability.

The $6,500.00 was carried on the books of the corporation as a corporate obligation but apparently the testimony fails to disclose that it has been paid.

It appears therefore that the referee is justified in his conclusion that these were corporate liabilities and should have been listed as such.

The nature of the transaction whereby, in effect, the corporation paid to Davy $10,500.00 for its own personal property, was calculated to give rise to reticence on the part of both Davy and Stocker as to the precise constituency of the corporate liabilities. Davy and Stocker were associated in the entire process of acquiring the corporation and real estate from the former owners, and Stocker's wife was a dummy for either or both Stocker and Davy in carrying the plans into effect.

In other words, Stocker knew what he was doing at all times in contriving the corporate activities, and in preparing and issuing the statement in question.

Turning now to the assets listed in the statement, other than the real estate:

The item of $2,500.00, representing tools and equipment, is not criticised by the referee.

As to auto trucks, etc., the referee accepts the entry in the books, which was $9,000.00, in preference to the entry on the statement, which was $11,500.00. This conclusion seems to be justified, for the reason that the witness Stocker, called on behalf of the bankrupt, is shown to have been a very unreliable witness. That is the impression created from a reading of all his testimony.

As to the item of furniture and fixtures, the referee accepts the bankrupt's figures of $2,500.00 as given in the statement, and also the item of yard equipment at $1,000.00.

As to the current assets, the statement lists accounts receivable at $5,728.60, and the referee finds that the true amount is $2,425.00.

The testimony on this subject, so far as Stocker is concerned, is extremely unsatisfactory. He said at one place that temporary records were accurately maintained by a female bookkeeper and office clerk who had been in the employ of the former company for a number of years, and elsewhere that he was unable to obtain accurate information from her. If the latter is true, he had no right to make the statement which was offered to the objecting creditor. The referee's finding on this subject is thought to be satisfactory.

The challenged statement lists cash on hand of $2,918.40, and this is accepted by the referee.

In that respect this court disagrees with him.

Stocker said that he obtained the figures from the clerk in question but that there were several checks forming the basis of this item which had not been deposited. No bank account was opened until eight or nine days after the date of the challenged statement, although a resolution was adopted on July 1, 1935, for that purpose; the evidence was too vague to justify the finding, in the opinion of this court. It is impossible to state what the true amount of cash on hand was but, if any such sum as $2,918.40 was on the premises in checks or in currency, it is thought a bank account would have been opened promptly.

The challenged statement lists the merchandise on hand at $35,116.22, and the referee states it at $20,000.00, basing that figure on the testimony of the general manager of the objecting creditor, who examined the merchandise and valued it at that sum. A reading of the testimony on this subject induces the belief that the referee was right. It will be remembered that Davy bought this very property for $10,500.00 payable in notes.

The remaining item, of good-will, was entered on the statement at $17,500.00, and the referee takes the book value as shown by the records of the bankrupt, at $9,505.37.

If the bankrupt had been solvent except for this item, the report would not be confirmed, because any creditor who became such or continued to be such relying upon such an item, should not be heard to complain that it was in part fictitious, particularly under the circumstances here involved. If that item were to be disregarded, there was an actual excess of liabilities over assets of better than $10,000.00, assuming that the valuation given to the real estate should be accepted, and this was such a material difference between the representation and the true facts that it is concluded that the referee's report must be confirmed, although the figures appearing in

his report as the true statement of assets and liabilities on July 22, 1935, will not be adopted.

The report is confirmed on the theory that there was an excess of not less than $10,000.00 of liabilities over assets, instead of the condition shown by the objecting Creditor's Exhibit 1.

Motion to confirm composition denied. Referee's conclusion is sustained. Settle order.